UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAULA K. HASKIN, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 4:04CV1219 RWS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before me on the motion of Paula K. Haskin to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255.

Haskin asserts two grounds for relief in her § 2255 petition:

1. she is entitled to relief due to "deliberate indifference of treatment by psychology staff at FPC - Greenville;" and

2. she questions whether she is entitled to "home confinement based on deliberate indifference and sealed affidavits as prescribed or by additional briefs supplied by my lawyer."

The grounds for relief identified by Ms. Haskin are not actionable under 28 U.S.C. § 2255. Even if she could articulate a ground for relief under 28 U.S.C. § 2255, Ms. Haskin expressly waived her right to file a claim under § 2255 unless her

claim arose out of ineffective assistance of her counsel or prosecutorial misconduct. Haskin does not allege ineffective assistance of counsel or prosecutorial misconduct.

As a result Ms. Haskin's § 2255 petition will be denied.

## **Background**

Paula Haskin plead guilty to count one of a three count indictment. In her plea agreement Ms. Haskin agreed:

> . . . to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including but not limited to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel. (Plea Agreement ¶ 2B(2).

On September 3, 2003, I sentenced Ms. Haskin to 14 months imprisonment and a three (3) year term of supervised release. I also ordered Ms. Haskin to pay the victims of her criminal scheme restitution in the amount of $272,204.59. She did not appeal her sentence.

## **Analysis**

Paula Haskin's claim that the psychology staff at FPC - Greenville was deliberately indifferent to her condition does not state a ground for relief under 28 U.S.C. § 2255. If she has a claim for deliberate indifference to a known medical condition, such a claim should be brought pursuant to 42 U.S.C. § 1983.

Paula Haskin also challenges the nature of her confinement by seeking to substitute home confinement for all or part of her period of incarceration. Ms.

Haskin does not articulate a basis for this request although she suggests that home confinement would be appropriate because she attempted to cooperate with law enforcement. (See attachment to § 2255 petition). There is no legal authority for such a request.

She also did not raise any issues relating to the length or nature of sentence in a direct appeal. A defendant who fails to raise claims that could have been raised on direct appeal is procedurally defaulted from raising these claims in a collateral attack pursuant to § 2255. United States v. Grady, 956 U.S. 152, 162-66 (1982).

Regardless Haskin expressly waived her right to contest her sentence under 28 U.S.C. § 2255 except for ineffective assistance of counsel or prosecutorial misconduct. Such waivers are enforceable. DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000). Because her § 2255 petition does not allege any of the exceptions stated in the plea agreement, Haskin has waived the right to the relief she seeks. As a result Haskin's § 2255 petition will be dismissed.

**Request for Evidentiary Hearing**

Generally, 28 U.S.C. § 2255 entitles Movant to a hearing on the merits of their petition. However, there is a well-established exception to this rule when the record of the case conclusively establishes that the petitioner is entitled to no relief. Hodges v. United States, 368 U.S. 139, 140 (1961); Cheek v. United States, 858 F.2d 1330, 1333 (8th Cir. 1988); United States v. Gann, 807 F.3d 134, 135 (8th Cir.

1986).  Since the record in this case conclusively establishes that Haskin is entitled to no relief, his request for a hearing will be denied.

**Certificate of Appealability**

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253 (c)(1)(B).  To grant such certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right.  Id. at § 2253 (c)(2); Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).  A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.  Cox v. Norris, 133 F.3d 565, 569 (8th Cir 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994)).  I am of the opinion that Haskin has made no such showing as to the grounds raised in her motion.  I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Paula K. Haskin for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is denied.

**IT IS FURTHER ORDERED** that Haskin's request for a hearing on his amended petition is denied.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued because Haskin has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this memorandum and order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of September, 2005.